UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

AMANDA AJULUCHUKU,
              Plaintiff,

v.                                    Civil Action No. 05-10893-RCL

FRANCES KEN JOSIAH
OF SOUTHERN NEW ENGLAND
SCHOOL OF LAW.
              Defendant

MEMORANDUM AND ORDER

LINDSAY, D.J.

For the reasons stated below, Plaintiff is directed to show cause in writing, within thirty-five (35) days of the date of this Memorandum and Order, why this case should not be dismissed.

BACKGROUND

On April 26, 2005 Plaintiff Amanda Ajuluchuku filed an Application to proceed *in forma pauperis*, along with a *pro se* Complaint. Plaintiff is an enjoined litigant in this Court, pursuant to Judge Woodlock's Order Enjoining Plaintiff, entered in Ajuluchuku v. University of Massachusetts, C.A. 04-12473-DPW (Docket #17, dated April 29, 2005).[1] However, this case is

---

[1] On November 29, 2004, Plaintiff filed a complaint Ajuluchuku v. U-Haul, C.A. 04-12542-WGY, concerning a dispute about charges billed to her credit card for storage space rented from U-Haul. She alleged breach of contract, personal injury and discrimination based on disability and seeks $1 billion dollars in damages. That action was dismissed after failing to show cause as directed. On December 3, 2004, Plaintiff filed a related action in which she alleged discrimination based on color and disability, personal injury, slander, libel, and breach of contract, arising out of banking transaction difficulties, and the effect it had on her ability to pay for U-Haul storage. Ajuluchuku v. Bank of America, C.A. 04-12585-WGY. That action also was dismissed after failing to show cause as directed. On April 25, 2005 Plaintiff filed a new civil complaint alleging discrimination arising out of a sexual assault on her by an individual from the Southern New England School of Law. That action has not been assigned a case number as of this writing, nor has it been preliminary screened pursuant to 28 U.S.C. § 1915.

Plaintiff's previous litigation history in this Court includes cases unrelated to these recent cases as follows: On August 4, 2003, Plaintiff filed complaints against a Maryland university and several police entities. In Ajuluchuku v. MTA Police-Metro/Marc Bureau, C.A. No. 03-11488-

not subject to the requirements contained in Judge Woodlock's Order because it was filed several days prior to that Order.

The Complaint in this action is not entirely coherent and contains a variety of extraneous, and abstruse factual contentions, and non-sequiturs. From what can be gleaned however, Plaintiff alleges sexual assault, and discrimination under the Americans with Disabilities Act, 42 U.S.C. §§ 12101-12213 (the "ADA") and Civil Rights Act of 1964, by Defendant Frances K. Josiah of Southern New England School of Law (SNESL), in Dartmouth, Massachusetts.

Plaintiff alleges that in July 2003, she took a summer Torts class with the Defendant, at SNESL. Complaint, ¶ 1. It is unclear from her Complaint, however, whether Defendant Josiah was an employee of SNESL, or merely a classmate. One evening after class, the Defendant drove Plaintiff home to the University of Massachusetts dormitory. At that time, Plaintiff claims

---

MLW, Plaintiff alleges that her son was "brutalized" by a MTA officer in June 2003 and that she fell down on her way to the police station. In Ajuluchuku v. Morgan State University, C.A. No. 03-11518-MLW, Ms. Ajuluchuku alleges that her son was sexually assaulted at her Maryland home and that her son's grades suffered because she reported the alleged assault. In Ajuluchuku v. Internal Affairs-Montgomery Police, C.A. No. 03-11519-MLW, she alleges that her son was assaulted by an unnamed officer in July 2000 and that in May 2001 her son was arrested and that she lost certain valuables. In Ajuluchuku v. Baltimore County Police, C.A. No. 03-11520-MLW, plaintiff alleges that she and her son were "terrorized" by an Anthony Davis, who "brainwashed" her son. She further alleges that an officer of the Baltimore County Police "kidnapped" her son and that her son has been "falsely imprisoned" by Social Services.
  On August 21, 2003, Plaintiff filed a fifth complaint, Ajuluchuku v. Board of Child Care, C.A. 03-11878-MLW, in which she alleges that her son was arrested in June 2003, that he has been "falsely imprisoned" at a foster home and shelter, and that her son has been "brainwashed" and mistreated at the facility. In October 2003, Plaintiff filed a document entitled "Addendum," in which she contends that she has been informed that her son is now staying with Mr. Davis and is being used as "guinea pig."
  On December 8, 2003, plaintiff filed Ajuluchuku v. Judge Kathleen Cox, C.A. 03-12557-MLW, a complaint against the Maryland Juvenile Court Judge presiding over proceedings involving her son in that state.
  All of these earlier cases have been dismissed.

that she told the Defendant about her disability, and about allegations of the kidnaping of her seventeen year old son by the Baltimore County Police. Complaint, ¶ 2. She then claims the Defendant befriended her, and one day, he drove her to his apartment in New Bedford, and sexually assaulted her. Complaint, ¶ 3. Plaintiff provides no details concerning the assault. Plaintiff claims she did not report the incident to the police because she distrusts the police. Complaint, ¶ 4.

Subsequently, Plaintiff averred that she intended to marry her fiancé in Washington, and was unable to take all her belongings with her as she traveled. She asked the Defendant to assist her by sending along some of her items, and she instructed him to donate the rest of her belongings, which she valued at over $10,000.00, "to children." Complaint, ¶¶ 5-7. Plaintiff later discovered Defendant had not donated the items, and she claims he stole them. Complaint, ¶ 7.

The remainder of Plaintiff's complaint contains a number of Headings, entitled "Discrimination," "Sexual Assault," "Disability," "Liability," and "Mental or Emotional Distress." Within those headings Plaintiff includes recitations from Black's Law Dictionary, and bold assertions that she is entitled to relief. Under the Heading "Discrimination," Plaintiff claims the Defendant "preyed me upon my disability twice." Complaint, Discrimination Section, ¶ 2. Under "Sexual Assault," Plaintiff seeks to define the term, and includes argument that "date rape" is a form of sexual assault. Under the Heading "Disability," Plaintiff cites the ADA definition of an individual with a disability, and contends that she is disabled, since she suffers a brain injury as a result of a fall down stairs when she was a baby. She claims that as a result of the fall, she suffers dizziness, fainting spells, and has minimal motor skills. Complaint,

Disability Section, ¶ 2.

Under the Heading "Liability," Plaintiff states "I am entitled to relief under the American Disability Act 12101 et seq. and Civil Rights Act 1964. Complaint, Liability Section, ¶ 1. Finally, under the Heading "Mental or Emotional Distress," Plaintiff also quotes Black Law's Dictionary's definition, and states " I suffered panic attacks, anxiety, high blood pressure, memory loss, dizziness, anger, frustrations, furor, disappointments, falls, and fainting spells (seizures)." Complaint, Mental or Emotional Distress Section, ¶ 2.

In her prayer for relief, Plaintiff states: "I would like the court to do something. Please do not condone the discrimination, theft, and Sexual Assault of Frances Ken Josiah of Southern New England School of Law based upon disability and gender...."[2] She also seeks two trillion ($2,000,000,000,000.00) dollars in damages.

## ANALYSIS

I. <u>Plaintiff's claims are subject to screening pursuant To 28 U.S.C. § 1915.</u>

Because Plaintiff has sought permission to proceed in this action without prepayment of the filing fee, her complaint is subject to the screening provisions of 28 U.S.C. § 1915. <u>See</u> 28 U.S.C. § 1915 (proceedings *in forma pauperis*). Section 1915 authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action lacks an arguable basis either in law or in fact, <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989),

---

[2]It is noted that in her prayer for relief, Plaintiff claims that the University of Massachusetts is liable, and that "[b]oth men should face disciplinary action for their misconduct, misdoing, and misbehavior...." This is clearly an error by the Plaintiff. Those assertions pertain to Plaintiff's previous litigation, <u>Ajuluchuku v. University of Massachusetts</u>, C.A. 04-12473-DPW. Apparently, Plaintiff, using the complaint in that action as a template, neglected to delete these allegations in this case.

fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2).

II.     Plaintiff's Complaint Is Subject To Dismissal

Although the Court recognizes that *pro se* complaints must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), Plaintiff's claims in this case are nevertheless subject to dismissal for the reasons stated below.

    1.     Failure to state an ADA/discrimination claim

Although Plaintiff alleges that jurisdiction is proper under 28 U.S.C. § 1331, which grants the district courts subject matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United states," id., she has failed to set forth a cognizable federal claim to invoke federal question jurisdiction.  Plaintiff purports to bring this action based on violations of federal law, *i.e*. the Americans with Disabilities Act, and unidentified civil rights.[3]  Her factual allegations, however, do not support such claims and are therefore subject to dismissal for lack of jurisdiction and for failure to state a claim.[4]

More specifically, Plaintiff alleges that by sexually assaulting her and stealing from her,

---

[3] Although Plaintiff makes passing reference by citing Black Letter Law with respect to discrimination, and in her prayer for relief references discrimination based on "gender," she sets forth absolutely no basis whatsoever for claims grounded in race, gender, nationality, or religion, and the Court need not address this further.

[4] Plaintiff has failed to comply with Rule 8(a) of the Federal Rules of Civil Procedure, which requires a plaintiff to include in the complaint, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  This standard sets forth a relatively low pleading threshold, and generally, a court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations contained in the complaint.  Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002).

Defendant Josiah violated her rights under the ADA. However, she fails to identify any provision on which this claim is premised. The ADA prohibits discrimination on the basis of disability in the areas of 1) employment, §§ 12111-12117; 2) services offered by public entities §§ 12131-12165; and 3) public accommodations and services operated by private entities, §§ 12181-12189. Here, the alleged misconduct of Josiah does not fall into any of these categories. Employment is not at issue in this lawsuit, nor is there any assertion that Plaintiff is a private entity providing public accommodations or services.

To the extent Plaintiff seeks to assert a claim under Title II of the ADA for discrimination based on her disability, she must allege (1) that she is qualified individual with a disability; (2) that she was either excluded from participation in or denied benefits of some public entity's services, programs, or activities, or was otherwise discriminated against by public entity; and (3) that such exclusion, denial of benefits, or discrimination was by reason of plaintiff's disability. 42 U.S.C. § 12132 . See Parker v. Universidad de Puerto Rico, 225 F.3d 1, 4 (1st Cir. 2000) .

Here, even assuming for these purposes that Plaintiff has established she has a qualified disability as defined under the ADA,[5] Plaintiff's complaint still fails to sufficiently state a claim. First, she has not alleged that Defendant Josiah was acting under color of state law, nor is there any reasonable inference from the facts, as alleged, that Josiah's bad acts were other than those of a private citizen. Second, even if Josiah were a state actor, Plaintiff's claim would fail. Only public entities are liable under § 12132, and the definition of public entity does not include state

---

[5] See McDonald v. Commonwealth, 901 F. Supp. 471, 478 (D. Mass. 1995) (dismissing where plaintiff alleged no underlying facts to support claim that he was "qualified individual with disability"). Without deciding the issue, the Court will presume Plaintiff's alleged brain injury sets forth a qualified disability,  for purposes of this Memorandum and Order only.

actors sued in their individual capacities.  Therefore, to the extent Defendant is a state actor, he is not subject to an ADA suit in his individual capacity.  See, e.g., Mitchell, 190 F. Supp. 2d at 211 (dismissing claims against individual defendants and citing cases); accord Navedo v. Maloney, 172 F. Supp. 2d 276, 288, 289 (D. Mass. 2001) (citing cases).  Third, Plaintiff has failed to allege any basis for supporting an allegation of discrimination, in any form.  There is no suggestion that the alleged sexual assault and theft occurred due to discrimination.  Finally, and fatally, even if there were discrimination, Plaintiff has not claimed that Defendant Josiah's actions denied her the ability to participate in, or receive benefits of, the services, programs or activities of a public entity .  Again,  Plaintiff fails to demonstrate any nexus whatsoever between any conduct of the Defendant and adverse consequences with respect to benefits or services by a public entity.   Simply stated, Plaintiff's claims that Defendant Josiah sexually assaulted her, or that he stole $10,000 in property, even under the broadest possible reading of Plaintiff's complaint, do not remotely raise an ADA claim.[6]

   2. §1983 Claims

   Although Plaintiff asserts civil rights violations, she has not specifically pleaded a cause of action.   To the extent this Court construes the complaint as an assertion of claims pursuant to 28 U.S.C. § 1983 for denial of due process with respect to her person or her property, any such claim against Defendant Josiah is also subject to dismissal.  First, in order to state a claim under

---

[6]I note that Plaintiff has raised almost identical contentions asserting ADA and discrimination claims against Bank of America employees in Ajuluchuku v. Bank of America, C.A. 04-12585-WGY, and against U-Haul in a related case, Ajuluchuku v. U-Haul, C.A. 04-12542-WGY, as well as in Ajuluchuku v. University of Massachusetts, C.A. 04-12473-DPW. . Each of these cases has been dismissed for failure to set forth a cognizable federal claim.  Additionally, the assertion of ADA and discrimination claims has been determined by Judge Woodlock to be a repeated abusive pleading pattern, lacking any factual support.

§ 1983, plaintiff must allege (1) that the defendant was acting under color of state law and (2) deprived plaintiff of a right secured by the Constitution and the laws of the United States. See West v. Atkins, 487 U.S. 42, 48 (1988); Rumford Pharmacy, Inc. v. City of East Providence, 970 F.2d 996, 998 (1st Cir. 1992). In this case, as noted above, plaintiff has failed to allege any facts that would support an inference that Defendant was acting under color of state law, or was otherwise a state actor for purposes of § 1983. Merely because Defendant may have been employed at the time by SNESL is insufficient to invoke state action. Therefore, Plaintiff's claims under § 1983 against Josiah must fail.

Accordingly, in light of the above, Plaintiff's complaint, as pleaded, lacks an arguable legal basis, and she has failed to establish how the jurisdiction of this Court may be properly invoked under 28 U.S.C. §1331. In light of this, Plaintiff shall show cause within thirty-five (35) days of the date of this Memorandum and Order, why this action should not be dismissed for the reasons stated above. Plaintiff's show cause response must comport with the directives below, and Plaintiff is advised that strict compliance is required; failure to do so will result in dismissal of this action.

    a.    If Plaintiff elects to file a show cause response, she shall file a document which includes the following caption and heading:

AMANDA AJULUCHUKU,
    Plaintiff,

v.                                  Civil Action No. 05-10893-RCL

FRANCES KEN JOSIAH
OF SOUTHERN NEW ENGLAND
SCHOOL OF LAW.
    Defendant

RESPONSE TO SHOW CAUSE ORDER

      b.      Plaintiff shall <u>not</u>, as part of the show cause response, file a new Application to Proceed *in forma pauperis*, or a new Civil Action Cover Sheet, or a duplicative complaint with handwritten modifications in the margins. Such filing will not be deemed to be in compliance with this Order.

IV.      <u>Supplemental Jurisdiction</u>

Plaintiff has not asserted any state law causes of action. Because this Court finds that Plaintiff's federal claims are subject to dismissal for the reasons set forth above, this Court will decline to exercise supplemental jurisdiction over any state claims, as a matter of discretion. <u>See</u> 28 U.S.C. §1367(a).

## <u>CONCLUSION</u>

ACCORDINGLY, for the foregoing reasons, Plaintiff's Complaint will be dismissed in thirty-five (35) days from the date of this Memorandum and Order unless Plaintiff shows good cause, in writing, why it should not be dismissed.

SO ORDERED.

DATED: June 13, 2005                <u>/s/ Reginald C. Lindsay</u>
                                       REGINALD C. LINDSAY
                                       UNITED STATES DISTRICT JUDGE