UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

AMANDA AJULUCHUKU,
    Plaintiff,

v.                                              Civil Action No. 05-10893-RCL

FRANCES KEN JOSIAH
OF SOUTHERN NEW ENGLAND
SCHOOL OF LAW.
    Defendant

## FURTHER MEMORANDUM AND ORDER

LINDSAY, D.J.

For the reasons stated below: (1) Plaintiff's federal claims against Defendant Josiah and the Southern New England School of Law are dismissed; (2) Plaintiff may pursue the claims against Defendant Josiah only, based on diversity jurisdiction pursuant to 28 U.S.C. § 1332; (3) Plaintiff is responsible for effectuating service of process on Defendant Josiah, which shall include copies of this Court's Orders; (4) the clerk shall issue a summons and the United States Marshal shall effectuate service on the Defendant Josiah as directed by the Plaintiff, with all costs of service to be borne by the United States Marshal; and (5) the request for transfer of this action is denied.

## BACKGROUND

On June 13, 2005 a Memorandum and Order (#6) issued directing Plaintiff to show cause why this action should not be dismissed, for the reasons stated therein. On June 21, 2005 Plaintiff filed a response to that Order, requesting the action not be dismissed, or, in the alternative, requesting the matter be transferred to Washington.

In support of her claims, Plaintiff re-alleges that Defendant Francis Ken Josiah, a fellow student at Southern New England School of Law ("SNESL") raped her in July 2003, and then

subsequently stole property from her.  Plaintiff alleges this incident took place in Josiah's home.  She also seeks to hold SNESL liable for this incident as well.  Plaintiff further asserts that Josiah discriminated against her based on her gender, nationality, and race, but she does not provide any factual support for these bald allegations.  The remainder of her response contains extraneous and irrelevant statements which also do not address the deficiencies outlined in the Court's June 13, 2005 Memorandum and Order.[1]

## ANALYSIS

I.     Failure to State Cognizable Federal Claims

For the reasons stated in the prior Memorandum and Order, this Court finds the Plaintiff has failed to state any federal claims, against either Defendant Josiah or SNESL.  First, Plaintiff has provided no facts whatsoever which, even under a generous reading of her complaints for rape and theft, would raise a claim for discrimination based on race, gender, or nationality.  She merely asserts Defendant is from Sierra Leone and that both his parents are African, and Plaintiff's mother was African-American.  Moreover, Plaintiff has not shown that Defendant Josiah was acting under color of state law, and thus has failed to state a cognizable federal claim.

With respect to SNESL, Plaintiff has failed to identify SNESL as a Defendant in her Complaint.  Even if this Court were to consider SNESL as a Defendant, this claim must fail as well.  Plaintiff has asserted no facts whatsoever which would make SNESL liable for Josiah's alleged rape and theft.  She alleges that Josiah was a student at SNESL, but does not allege that he had any other affiliation with the school, or that the school somehow knew or should have

---

[1] For instance, Plaintiff mentions that her father died and she mourned him for a year; that she has taken many MBA and Torts classes; and that she donated her belongings to children in Africa and America.

known, or otherwise had any sort of duty to the Plaintiff in connection with the incidents.

Assuming Plaintiff is alleging that SNESL is responsible for a civil rights violation under a *respondeat superior* theory, such claim fails as well.  First, as noted above, Plaintiff has not alleged any state action.  Second, even if there were state action involved, and even if Josiah was affiliated with SNESL, there is no *respondeat superior* liability in actions pursuant to 42 U.S.C. § 1983.  Liability under § 1983 is direct, not vicarious.  Pinto v. Nettleship, 737 F.2d 130, 132 (1st Cir. 1984) (no *respondeat superior* liability under § 1983; liability can only be imposed upon officials who were involved personally in the deprivation of constitutional rights). see Guzman v. City of Cranston, 812 F.2d 24, 26 (1st Cir. 1987).  Absent some showing by Plaintiff that SNESL had any direct involvement in the alleged rape or theft, Plaintiff cannot establish any cognizable federal claim against SNESL.[2]

Accordingly, based on the above, and the Memorandum and Order of June 13, 2005, the

---

[2]It is unclear whether the alleged rape took place on SNESL property, and whether this is the basis for Plaintiff's claims against SNESL.  However, since Plaintiff has not set forth any claims or facts to allege negligence of SNESL in maintaining the safety of its dormitories or apartments, the Court will not consider this claim as stated in the Complaint, in accordance with the requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a) of the Federal Rules of Civil Procedure requires a plaintiff to include in her complaint, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  This statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests," Rivera v. Rhode Island, 402 F.3d 27, 33 (1st Cir. 2005) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)), such that the defendant is afforded a "meaningful opportunity to mount a defense," Díaz-Rivera v. Rivera-Rodríguez, 377 F.3d 119, 123 (1st Cir. 2004) (quoting Rodríguez v. Doral Mortgage Corp., 57 F.3d 1168, 1172 (1st Cir. 1995)).  "In a civil rights action ..., the complaint should at least set forth minimal facts as to who did what to whom, when, where, and why." Educadores PuertorriqueZos en Acción v. Hernandez, 367 F.3d 61, 68 (1st Cir. 2004).  Although "the requirements of Rule 8(a)(2) are minimal ... minimal requirements are not tantamount to nonexistent requirements." Id. (quoting Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir. 1988)).  Here, the Complaint fails to give SNESL fair notice of any claim and the grounds upon which it rests.

Court finds no basis for jurisdiction pursuant to 28 U.S.C. § 1331 and Orders that all federal claims against both Josiah and SNESL are dismissed.

  II.  <u>Diversity Jurisdiction</u>

  Notwithstanding the lack of federal question jurisdiction under 28 U.S.C. § 1331, however, this Court will construe Plaintiff's claims as tort claims for sexual assault and theft, grounded in diversity jurisdiction pursuant to 28 U.S.C. § 1332.  Plaintiff has asserted that she is a citizen of the Washington, and that Defendant Josiah is a citizen of Massachusetts, although his current whereabouts are unknown.[3]  Therefore, Plaintiff has facially established that diversity jurisdiction exists.  Additionally, given the serious allegations raised by the Plaintiff, this Court finds that the amount in controversy could reasonably exceed the $75,000 requisite of § 1332.

  Accordingly, the Court will permit Plaintiff's claims to proceed against Defendant Josiah, as the sole Defendant in this action.   Plaintiff shall serve a copy of this Memorandum and Order, and the June 13, 2005 Memorandum and Order, along with a copy of the Complaint, upon Defendant Josiah, within the time prescribed by this Court's Local Rules and the Federal Rules of Civil Procedure.  Plaintiff is advised that she is responsible for providing all necessary information to the United States Marshal in order to effectuate service of process on the Defendant, and that this action is subject to dismissal for failure to effectuate timely service.

  Is it FURTHER ORDERED that the clerk shall issue a summons for Defendant Josiah, and the United States Marshal serve a copy of the complaint, summons, and the Court's Orders

---

[3]Plaintiff seeks to include SNESL as a Defendant in an attempt to discover Defendant Josiah's whereabouts.

4

as directed by the Plaintiff, with all costs of service to be advanced by the United States.

The Plaintiff's request for transfer of this action to Washington is denied.

## CONCLUSION

Based on the foregoing, it is hereby ORDERED:

1. Plaintiff's federal claims against Defendant Josiah and the Southern New England School of Law are dismissed;

2. Plaintiff may pursue the claims against Defendant Josiah only, based on diversity jurisdiction pursuant to 28 U.S.C. § 1332;

3. Plaintiff is responsible for effectuating service of process on Defendant Josiah, which shall include copies of this Court's Orders;

4. The clerk shall issue a summons and the United States Marshal shall effectuate service on the Defendant Josiah as directed by the Plaintiff, with all costs of service to be borne by the United States Marshal; and

5. The request for transfer of this action is denied.

SO ORDERED.

Dated: July 6, 2005

/s/ Reginald C. Lindsay
REGINALD C. LINDSAY
UNITED STATES DISTRICT JUDGE