UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

AMANDA AJULUCHUKU,
    Plaintiff,

v.                                                        Civil Action No.  05-10893-RCL

FRANCES KEN JOSIAH
OF SOUTHERN NEW ENGLAND
SCHOOL OF LAW.
    Defendant

## FURTHER MEMORANDUM AND ORDER

LINDSAY, D.J.

    For the reasons stated below: (1) Plaintiff's Amended Complaint (#15) shall be the operative pleading in this action, and Plaintiff shall not file any further Amended Complaints absent leave of Court upon good cause shown; (2) Plaintiff's claims of racial or gender discrimination by the Southern New England School of Law ("SNESL") are dismissed without prejudice, and Plaintiff's ADA claim asserted in the Amended Complaint (#15) (*i.e.,* that she was denied admission to SNESL based on her disability) shall be allowed to proceed; (3) the clerk shall re-issue a summons as to Defendant Josiah and shall issue a summons with respect to Defendant SNESL; (4) the United States Marshal shall effectuate service on the Defendant Josiah as directed by the Plaintiff, with all costs of service to be borne by the United States Marshal; (5) Plaintiff's Motion for an Extension of Time to Serve Summons (#17) is Allowed. Plaintiff shall effectuate service of process on each Defendant by no later than 120 days after issuance of summonses in accordance with this Memorandum and Order, failing which, this action may be dismissed; and (6) Plaintiff's Motion for Entry of Default (#12) and her Motion for Default Judgment (#16) are Denied.

BACKGROUND

On April 26, 2005 Plaintiff Amanda Ajuluchuku, an enjoined litigant,[1] filed a *pro se* complaint alleging sexual assault/rape, theft, and discrimination under the Americans with Disabilities Act, 42 U.S.C. §§ 12101-12213 (the "ADA") and Civil Rights Act of 1964, by Frances K. Josiah, a student at the Southern New England School of Law ("SNESL"), in Dartmouth, MA, in July, 2003. The original Complaint did not name SNESL as a Defendant. Plaintiff sought two trillion dollars in damages.

On June 13, 2005, this Court issued a Memorandum and Order (#6) directing the Plaintiff to show cause why this action should not be dismissed, for the reasons stated therein. Plaintiff submitted a response, and on July 6, 2005 this Court issued a Further Memorandum and Order (#10) finding Plaintiff's response insufficient, and dismissing the federal claims against both Defendants Josiah and SNESL. The Court did, however, permit Plaintiff to pursue the claims against Defendant Josiah only, based on diversity jurisdiction pursuant to 28 U.S.C. § 1332. A summons issued with respect to Defendant Josiah, with an Order that costs of service were to be borne by the United States Marshal's Office.

Subsequently, Plaintiff filed a Motion for Default (#12) alleging service was made on the Defendant Josiah, and no responsive pleading has been filed. Thereafter, on August 29, 2005, Plaintiff filed, *inter alia*, a Motion for Default Judgment (#16), a Motion to Extend Time to

---

[1] Plaintiff is no stranger to this Court, and has filed nine prior civil actions, all of which have been dismissed *sua sponte*. Because of her abusive and frivolous litigation history, Plaintiff was recently enjoined by Judge Woodlock, from filing further actions in this Court. See Ajuluchuku v. University of Massachusetts, C.A. No. 04-12473-DPW (Memorandum and Order, Docket No. 17 (April 29, 2005)). This action was filed prior to the Order enjoining Plaintiff.

Serve Summons and Complaint (#17), and an Amended Complaint (#15).

While not entirely coherent and containing numerous extraneous and immaterial statements,[2] the Amended Complaint (#15) not only reiterates the allegations of rape and theft by Defendant Josiah and her claims of discrimination, but includes additional information about the incidents and their aftermath.  The Amended Complaint also seeks to add separate discrimination and ADA claims against SNESL for denying her admission to the school in the Fall of 2003.

More specifically, Plaintiff alleges that the Dean of SNESL, Robert Ward Jr. promised her a seat in the Fall 2003 school semester if she went to summer school at SNESL in the summer of 2003.  Am. Compl. (#15) at 2 (preamble) and at ¶ 2.  She claims that after she took the summer class, Dean Ward reneged on his promise to accept her as a law student.  She further claims she met with him in his office to discuss the matter, and that she internally appealed the denial of admission, but to no avail.  Id. at 12.  She alleges that the denial of admission was based on her disability which was known to Dean Ward, because she told him of her disability, and because she walked with a cane.  Id.  Plaintiff alleges that when she was a baby, she fell down a flight of stairs and injured her brain, causing, *inter alia*, a lack of motor skills and memory loss, dizziness, fainting spells, panic attacks, anxiety, anger, frustration, furor, disappointments, falls, and seizures.  Id. at 1 (preamble), and 4, ¶¶ 2 and 2.  She also alleges racial and gender discrimination but does not provide any factual bases for these assertions.  In

---

[2]The Amended Complaint is replete with extraneous background information. For instance, Plaintiff asserts she told Josiah that the Baltimore County Police had kidnaped her 17 year old son who was scheduled to attend the University of Massachusetts.  Am. Compl. at 2, ¶ 3. She also states that she shared the refrigerator with five other students at the dormitory. Id. at ¶ 4.

the Amended Complaint, Plaintiff has also increased her monetary demand, from two trillion to nine trillion dollars ($9,000,000,000,000).  Id. at 5.

ANALYSIS

    I.        Plaintiff's Amended Complaint (#15)

Notwithstanding that Plaintiff is an enjoined litigant and as such, her claims of discrimination by SNESL raised in the Amended Complaint (#15) could not otherwise have been brought in a civil action absent compliance with the Order enjoining her from such filings, the Court will permit the Amended Complaint (#15) in this action, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, because no service has yet been made on any Defendant and because it is in the interests of judicial economy.[3]    However, at some point the Plaintiff must be held to the choices she makes with respect to pleadings in this case, and that time has come.  The Court recognizes that *pro se* Complaints must be construed broadly.  Hughes v. Rowe, 449 U.S. 5, 9 (1980); Haines v. Kerner, 404 U.S. 519, 520 (1972); Instituto de Educacion Universal Corp. v. U.S. Dept., 209 F.3d 18, 23 (1st Cir. 2000).  The Court cannot, however, continue to provide guidance to the Plaintiff with respect to the substantial deficiencies in each of her pleadings, and/or the possible causes of action she might be able to invoke, but for her lack of pleading ability.  Plaintiff has been afforded several opportunities to "get it right."  For those reasons, and in the interests of judicial economy, it is hereby Ordered that the Amended Complaint (#15) is now deemed to be the operative pleading in this action, and this Court will not permit Plaintiff

---

[3]Based on the facts presented, it does not appear that these new claims against SNESL are related to the claims against Defendant Josiah, except to the extent that they allegedly occurred around the same time period (summer 2003).  However, upon further factual development, it is not inconceivable that the alleged rape might come into play with respect to the SNESL claim.

to further amendment the Amended Complaint (#15) absent a written motion for leave to file and a showing by Plaintiff of good cause for any further proposed amendments, which includes an explanation why the proposed changes or additions could not have been included previously.

It is Further Ordered that this Court's prior rulings with respect to Plaintiff's claims remain in effect. Accordingly, Plaintiff's federal claims against Defendant SNESL with respect to the alleged sexual assault by Defendant Josiah remain dismissed, and Plaintiff's federal claims against Defendant Josiah (including any discrimination claims based on gender, color, disability, or race) also remain dismissed, for the reasons set forth in the prior Orders of this Court. However, pursuant to the prior Memorandum and Order (#10) of this Court, Plaintiff shall be permitted to proceed with state-based tort claims for sexual assault (rape) and theft of property, alleged against Defendant Josiah, based on diversity jurisdiction pursuant to 28 U.S.C. § 1332.

Plaintiff's claims against SNESL are limited as set forth below.

II.     Plaintiff's Claims Against SNESL for Denial of Admisssion

Although, as previously noted, the Amended Complaint (#15) is not entirely coherent, the Court will permit a claim against SNESL to proceed, and a summons to issue as to SNESL, only with respect to the claim that Plaintiff was refused admission as a law student in the Fall of 2003, (after compliance with the summer school requirement) because of her alleged disability. The Court will not, however, permit Plaintiff's allegations to be construed as a claim based on gender or racial discrimination, or other violation of civil rights, because Plaintiff has not sufficiently pled such claims, and the Amended Complaint fails to meet even the minimum

pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure[4] with respect to these assertions.

Here, Plaintiff makes no factual allegations whatsoever, to support the bald assertion that she was discriminated against by SNESL on the basis of her gender. She merely alleges toward the end of the Amended Complaint that, "Defendants preyed me upon my disability." Am. Compl. at 3 ¶2. Similarly, with respect to her racial discrimination claim, Plaintiff adds a sentence to the above-referenced assertion that she was preyed upon, stating, "Both Dean Robert Ward Jr. and Francis Ken Josiah are very very jet-black (Ebony). Conversely, my skin is brownish." Id. Again, such bald allegation does not sufficiently set forth a cause of action, which would allow a meaningful response to be filed by the Defendant SNESL[5] Her ending references to quotes attributed to President Jefferson, 1776, and Dr. Martin Luther King Jr.,

---

[4] As previously noted in the Court's Memorandum and Order (#10), Rule 8(a) of the Federal Rules of Civil Procedure requires a plaintiff to include in her complaint, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests," Rivera v. Rhode Island, 402 F.3d 27, 33 (1st Cir. 2005) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)), such that the defendant is afforded a "meaningful opportunity to mount a defense," Díaz-Rivera v. Rivera-Rodríguez, 377 F.3d 119, 123 (1st Cir. 2004) (quoting Rodríguez v. Doral Mortgage Corp., 57 F.3d 1168, 1172 (1st Cir. 1995)). "In a civil rights action ..., the complaint should at least set forth minimal facts as to who did what to whom, when, where, and why." Educadores PuertorriqueZos en Acción v. Hernandez, 367 F.3d 61, 68 (1st Cir. 2004). Although "the requirements of Rule 8(a)(2) are minimal ... minimal requirements are not tantamount to nonexistent requirements." Id. (quoting Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir. 1988)).

[5] Plaintiff has not pled a cause of action under 42 U.S.C. § 1981. Section 1981 concerns racial discrimination in the making and enforcement of contracts. Runyon v. McCrary, 427 U.S. 160, 172 (1976). To state a claim under §1981, a plaintiff must allege (1) that she is a member of a racial minority, (2) that the defendant discriminated against her on the basis of her race, and (3) that the discrimination implicated one or more of the activities enumerated in the statute. Garrett v. Tandy Corp., 295 F.3d 94, 98 (1st Cir. 2002). Plaintiff has not done so and the Court need not consider this as a cause of action here.

1968) add nothing to the mix. Again, the Court has considered that Plaintiff has had ample opportunities to formulate her claims, and at this juncture she will not be afforded an opportunity to re-plead, absent compliance with the limitations set forth in this Memorandum and Order. Accordingly, to the extent Plaintiff asserts that she was denied admission to SNESL due to her gender or race, such claims are dismissed without prejudice.

Similarly, Plaintiff has not specifically alleged a claim under 42 U.S.C. § 1983. In order to state a § 1983 claim, a plaintiff must allege (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that this conduct deprived the plaintiff of rights, privileges or immunities secured by the Constitution or law of the United States. Rumford Pharmacy, Inc. v. City of East Providence, 970 F.2d 996, 998 (1st Cir. 1992). Here, Plaintiff has not alleged either element in the Amended Complaint. She has failed to allege that SNESL, a private educational institution, is a state actor under § 1983, nor has she alleged that she has a property or liberty interest in admission to the law school. See, e.g., Tobin v. University of Maine System, et al., 59 F. Supp. 2d 87, 90-94 (D. Me. 1999) (holding law school applicant suing state university did not have constitutionally protected property interest in admission to law school and therefore denial of application did not violate substantive due process; nor did applicant have any liberty interest at stake). Accordingly, Plaintiff has failed to state a cognizable § 1983 claim and to the extent she seeks to raise such a claim, it is dismissed without prejudice.[6]

---

[6]In addition to the Rule 8(a) pleading deficiencies noted herein, the racial and gender discrimination claims, as presented, lack a rational basis in fact, and therefore are subject to *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2). See Mack v. Massachusetts, 204 F. Supp.2d 163, 166 (D. Mass. 2002).

However, with respect to Plaintiff's claim that she was denied admission to SNESL because of her disability, it is presumed that Plaintiff is attempting to assert a claim under the Americans with Disabilities Act, 42 U.S.C. §§ 12101-12213 (the "ADA"). The ADA prohibits discrimination on the basis of disability in the areas of employment, §§ 12111-12117, services offered by public entities §§ 12131-12165, and public accommodations and services operated by private entities, §§ 12181-12189.[7] The Amended Complaint alleges that she is qualified individual with a disability under the ADA, and that she has been excluded from participation in or denied the benefits of services offered by SNESL because of her disability, albeit she does not make her allegations in those exact terms. See 42 U.S.C. §§ 12182. Further, a fair inference here is that Plaintiff has alleged that she was promised admission to SNESL if she took a summer class, but upon SNESL's discovery of her disability, the school reneged on its offer and denied her admission to the law school.

Accordingly, because the Amended Complaint meets the minimum pleading requirements and raises a factual issue, this Court will permit Plaintiff's ADA claim to proceed against SNESL.[8]

---

[7] The term "place of public accommodation" as defined under Title III of the ADA specifically includes a "nursery, elementary, secondary, undergraduate or postgraduate private school, or other place of education." 42 U.S.C. § 12181(7)(J).

[8] The Court also notes that Plaintiff has not pled any state-law based cause of action founded in contract or otherwise, and therefore no additional causes of action are deemed to be included in the Amended Complaint, even though it appears that diversity jurisdiction would exist over these claims since Plaintiff was a citizen of the State of Washington at the time the Complaint was originally filed, and it appears she is currently a citizen of Georgia. For the reasons set forth above, Plaintiff is foreclosed, without prejudice, from asserting any additional claims at this time.

### III. Issuance of Summonses; Motion for Default (#12);Motion for Default Judgment (#16); Motion to Extend Time to Serve (#17)

On August 2, 2005 Plaintiff returned the <u>original</u> summons to this Court, accompanied by the USM form 285 (required by the U.S. Marshal in order to effectuate service). Plaintiff has also filed a Motion for Default (#12) and Motion for Default Judgment (#16), based on Defendant Josiah's failure to respond to the Complaint.

Upon review of the Plaintiff's submissions, it is apparent that proper service of process has <u>not</u> been made on the Defendant Josiah, and no proof of service has been duly executed by an authorized process-server. In fact, Plaintiff returned the original summons to the Court because it lacked a seal of the Court.

Additionally, the USM 285 form also returned by the Plaintiff indicates that she intends or intended that service be made on Defendant Josiah, care-of Robert Ward, Jr., Dean of SNESL, in North Dartmouth, MA. <u>Unless Plaintiff can demonstrate that Dean Ward is an authorized representative or agent of the Defendant Francis Ken Josiah, then service on Dean Ward is not proper, and will not be considered by this Court to have been effectuated pursuant to the Federal Rules of Civil Procedure</u>.[9]

---

[9] Rule 4 of the Federal Rules of Civil Procedure provides, in pertinent part:

(c) Service with Complaint; by Whom Made.

(1) A summons shall be served together with a copy of the complaint. The plaintiff is responsible for service of a summons and complaint within the time allowed under subdivision (m) and shall furnish the person effecting service with the necessary copies of the summons and complaint.

(2) Service may be effected by any person who is not a party and who is at least 18 years of age. At the request of the plaintiff, however, the court may direct that service be effected by a United States marshal, deputy United States marshal, or other person or officer specially appointed by the court for that purpose. Such an appointment must be made when the plaintiff is authorized to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 or is authorized to proceed as a seaman under 28 U.S.C. § 1916.

***

In light of the above, Plaintiff's Motion for Relief for Default (#12) and her Motion for Default Judgment (#16) are both Denied without prejudice.

Pursuant to this Memorandum and Order, the clerk shall issue a summons with respect to Defendant SNESL.  Additionally, with respect to Defendant Josiah, because the original summons that was issued was defective, through no fault of the Plaintiff, and also because the Plaintiff has now filed an Amended Complaint (#15) which would need to be served in any event, the Court will direct the re-issuance of the summons upon the Defendant Josiah, and will also direct that all costs of service be borne by the United States Marshal.

Plaintiff is again advised, however, that it is solely her responsibility to ensure proper service of the summons, Amended Complaint (#15), and all Orders entered by this Court in this case, and that failure to do so within the time frame permitted, could result in dismissal of this

---

Rule 4(l) and 4(m) provide as follows:

(l) Proof of Service. If service is not waived, the person effecting service shall make proof thereof to the court. If service is made by a person other than a United States marshal or deputy United States marshal, the person shall make affidavit thereof. Proof of service in a place not within any judicial district of the United States shall, if effected under paragraph (1) of subdivision (f), be made pursuant to the applicable treaty or convention, and shall, if effected under paragraph (2) or (3) thereof, include a receipt signed by the addressee or other evidence of delivery to the addressee satisfactory to the court. Failure to make proof of service does not affect the validity of the service. The court may allow a proof of service to be amended.

(m) Time Limit for Service. If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period. This subdivision does not apply to service in a foreign country pursuant to subdivision (f) or (j)(1).

action, pursuant to Local Rule 4.1.[10]

Accordingly, the Court Allows Plaintiff's Motion for an Extension of Time to serve the Defendants (#17), and Orders that Plaintiff shall effectuate service of process on each Defendant by no later than 120 days after issuance of summonses in accordance with this Memorandum and Order.

### IV.    Order to United States Marshal

As noted above, the Court will permit summonses to issue at this time with respect to Defendants Josiah and SNESL, and the United States Marshal shall bear all costs of service of process on these Defendants, as directed by the Plaintiff.  The clerk shall again provide Plaintiff with the appropriate USM 285 forms and handouts generally provided to *pro se* litigants, to assist in this process.  Plaintiff is directed to provide the information required by the United

---

[10]Local Rule 4.1 provides:

SERVICE OF PROCESS - DISMISSAL FOR FAILURE TO MAKE SERVICE

(A)  Any summons not returned with proof that it was served within one hundred twenty (120) days of the filing of the complaint is deemed to be unserved for the purpose of Fed. R. Civ. P. 4(m).

(B)  Counsel and parties appearing pro se who seek to show good cause for the failure to make service within the 120 day period prescribed by Fed. R. Civ. P. 4(m) shall do so by filing a motion for enlargement of time under Fed. R. Civ. P. 6(b), together with a supporting affidavit.  If on the tenth day following the expiration of the 120 day period good cause has not been shown as provided herein, the clerk shall forthwith automatically enter an order of dismissal for failure to effect service of process, without awaiting any further order of the court.  The clerk shall furnish a copy of this local rule to counsel or pro se plaintiffs, together with the summons, and delivery of this copy by the clerk will constitute the notice required by Rule 4(m) Federal Rules of Civil Procedure.  Such notice shall constitute the notice required by Fed. R. Civ. P. 4(m).  No further notice need be given by the court.

(C)  In those cases where the Federal Rules of Civil Procedure authorize service of process to be made in accordance with state practice, it shall be the duty of counsel for the party seeking such service to furnish to the Clerk of Court forms of all necessary orders and sufficient copies of all papers to comply with the requirements of the state practice, together with specific instructions for the making of such service, if such service is to be made by the United States marshal.

States Marshal <u>directly to that office</u>, and not to the Clerk's Office, however, she must make arrangements to have the proof of service filed in this Court.

### CONCLUSION

Based on the foregoing, it is hereby ORDERED:

1. Plaintiff's Amended Complaint (#15) shall be the operative pleading in this action, and Plaintiff shall not file any further Amended Complaints absent leave of Court upon good cause shown;

2. Plaintiff's claims of racial or gender discrimination by SNESL are dismissed without prejudice, and Plaintiff's ADA claim asserted in the Amended Complaint (#15) (*i.e.,* that she was denied admission to SNESL based on her disability) shall be allowed to proceed;

3. The clerk shall re-issue a summons as to Defendant Josiah and shall issue a summons with respect to Defendant SNESL;

4. The United States Marshal shall bear all costs of service on the Defendants, however, Plaintiff is responsible for ensuring that proper service of process is made;

5. Plaintiff's Motion for an Extension of Time to Serve Summons (#17) is Allowed. Plaintiff shall serve each Defendant by no later than 120 days after issuance of summonses in accordance with this Memorandum and Order, failing which, this action may be dismissed; and

6. Plaintiff's Motion for Entry of Default (#12) and her Motion for Default Judgment (#16) are Denied.

SO ORDERED.

Dated: October 3, 2005

/s/ Reginald C. Lindsay
REGINALD C. LINDSAY
UNITED STATES DISTRICT JUDGE