UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

AMANDA AJULUCHUKU,
    Plaintiff,

v.                                            Civil Action No.  05-10893-RCL

FRANCES KEN JOSIAH
OF SOUTHERN NEW ENGLAND
SCHOOL OF LAW.
    Defendant

## FURTHER MEMORANDUM AND ORDER

LINDSAY, D.J.

For the reasons stated below: (1) Plaintiff's Letter/Request (#23) to include a claim under the Americans with Disabilities Act ("ADA") is allowed only to the extent previously authorized in this Court's Memorandum and Order of October 3, 2005;[1] and (2) Plaintiff's Motion for Default Judgment (#22) is denied without prejudice.

## BACKGROUND

On April 26, 2005 Plaintiff Amanda Ajuluchuku, an enjoined litigant, filed a *pro se* complaint alleging sexual assault/rape, theft, and discrimination under the Americans with Disabilities Act, 42 U.S.C. §§ 12101-12213 (the "ADA") and Civil Rights Act of 1964, by Frances K. Josiah, a student at the Southern New England School of Law ("SNESL"), in Dartmouth, MA, in July, 2003.  The original Complaint did not name SNESL as a Defendant. Plaintiff sought two trillion dollars in damages.

On June 13, 2005, this Court issued a Memorandum and Order (#6) directing the Plaintiff

---

[1] The Memorandum and Order of October 3, 2005 (# 18) permitted Plaintiff's ADA claim asserted in the Amended Complaint (#15) (*i.e.,* that she was denied admission to Southern New England School of Law, based on her disability) was allowed to proceed. However, Plaintiff has not been allowed to proceed with any ADA claim against Defendant Josiah.

to show cause why this action should not be dismissed, for the reasons stated therein. Plaintiff submitted a response, and on July 6, 2005 this Court issued a Further Memorandum and Order (#10) finding Plaintiff's response insufficient, and dismissing the federal claims against both Defendants Josiah and SNESL. The Court did, however, permit Plaintiff to pursue the claims against Defendant Josiah only, based on diversity jurisdiction pursuant to 28 U.S.C. § 1332. A summons issued with respect to Defendant Josiah, with an Order that costs of service were to be borne by the United States Marshal's Office.

Subsequently, Plaintiff filed a Motion for Default (#12) alleging service was made on the Defendant Josiah, and no responsive pleading has been filed. Thereafter, on August 29, 2005, Plaintiff filed, *inter alia*, a Motion for Default Judgment (#16), a Motion to Extend Time to Serve Summons and Complaint (#17), and an Amended Complaint (#15).

After review of these submissions, a further Memorandum and Order issued on October 3, 2005 (#18), permitting Plaintiff to amend her Complaint to include an ADA claim against the Southern New England School of Law ("SNESL"), but advising Plaintiff that no further amendments to Amended Complaint (#15) would be permitted absent good cause shown. The Memorandum and Order also provided that the prior Orders of this Court remain in effect (i.e., that Plaintiff's federal claims against Defendant SNESL with respect to the alleged sexual assault by Defendant Josiah remain dismissed, and Plaintiff's federal claims against Defendant Josiah (including any discrimination claims based on gender, color, disability, or race) also remain dismissed). Plaintiff's Motion for Default Judgment was denied, because Plaintiff had not provided proof of proper service of process upon any Defendant. Summonses were re-issued to the Plaintiff, along with the necessary forms required by the U.S. Marshal, to effectuate

service as instructed by the Plaintiff.

On October 20, 2005, Plaintiff filed a document certifying that she had provided the necessary forms to the U.S. Marshal's Office to effectuate service of process on the Defendants. Letter/Request (#20).  On October 28, 2005, Plaintiff again filed a Motion for Default Judgment (#28) against the Defendants, alleging that more than twenty (20) days had elapsed since service had been made, and the Defendants have not filed a responsive pleading.

## ANALYSIS

I.    Plaintiff's Letter/Request to Add and ADA Claim (#23)

In view of the October 3, 2005 Memorandum and Order (#18), Plaintiff's Letter/Request to add an ADA claim in this action is moot.  Plaintiff has been permitted to do so, with respect to the claim against SNESL that she was denied admission to the law school based on her disability.  However, to the extent that Plaintiff seeks to include any other ADA claims, or any other claims for that matter, this request is denied, for the reasons set forth in the October 3rd Memorandum and Order.  The Court reiterates the prior admonition that Plaintiff, an enjoined litigant, may not include additional claims in this lawsuit, and that the time has come for Plaintiff to be held to the matters encompassed within the Amended Complaint (#15), which remains the operative pleading in this action.

II.   Motion for Default Judgment (#22)

Although Plaintiff has filed a renewed Motion for Default Judgment #22) alleging that she has made service upon the Defendants and the time period for response has lapsed, she has not provided an executed proof of service by an authorized process server, as to each of the Defendants.  Simply providing the necessary paperwork to the U.S. Marshal's Office for service

is insufficient to prove to this Court that proper service has been made upon each Defendant, at their correct addresses or upon authorized agents. As noted in the October 3rd Memorandum and Order, Plaintiff may not make proper service on Defendant Josiah, by delivery "care-of Robert Ward, Jr., Dean of SNESL, in North Dartmouth, Massachusetts, unless Plaintiff can demonstrate that Dean Ward is an authorized representative or agent of the Defendant Francis Ken Josiah. Absent such showing, then service on Dean Ward is not proper, and will not be considered by this Court to have been effectuated pursuant to the Federal Rules of Civil Procedure. Moreover, Plaintiff has not shown that she has made proper service with respect to SNESL. Plaintiff is again advised that it is her responsibility, and not the Court's or the U.S. Marshal's Office, to ensure that proper service on the Defendants (or authorized agents) has been effectuated, and that failure to comply with this directive will result in the dismissal of this action.

In light of the above, Plaintiff's Motion for Default Judgment (#22) is denied without prejudice.

## CONCLUSION

Based on the foregoing, it is hereby ORDERED:

1. Plaintiff's Letter/Request (#23) to include a claim under the Americans with Disabilities Act ("ADA") is allowed only to the extent previously authorized in this Court's Memorandum and Order of October 3, 2005; and

2. Plaintiff's Motion for Default Judgment (#22) is denied without prejudice.

SO ORDERED.

Dated: November 2, 2005

/s/ Reginald C. Lindsay
REGINALD C. LINDSAY
UNITED STATES DISTRICT JUDGE