In the United States District Court of Massachusetts at Boston

| Amanda U. Ajuluchuku,<br>Plaintiff<br>vs.<br>Southern New England School of Law (SNESL) and Francis Ken Josiah<br>Defendants | No: 1:05-cv-10893RCL<br>**PLAINTIFF'S RESPONSE TO DEFENDANT'S ANSWER AND JURY CLAIM TO PLAINTIFF'S AMENDED COMPLAINT** |
|---|---|

To the Clerk's Office and Judge Reginald C. Lindsay in the same envelope

Amanda U. Ajuluchuku
P.O. Box 95343
Atlanta, GA 30347
Phone (404) 247-3199

December 1, 2005

Clerk, U.S. District Court
1 Courthouse Way, Room 2300
Boston, MA 02210

Your Honor, now that Defendant has answered to my Amended Complaint, I would like to respond to Defendant's Answer and Jury Claim to my Amended Complaint. My reasons are proper as follows:

1). In July 2003 and September 2003, Defendant discriminated against me due to my disability and national origin. I have submitted to the court a copy of my disability record.

2). In June 2003, Defendant (Dean Robert Ward, Jr.,) promised me a seat at SNESL if I attended the 2003 summer class of torts. He informed me during our telephone conversation of the contract that SNESL had with University of Massachusetts to house their first year law students for one year. At the time, I was a Maryland resident. Defendant demanded $250.00 for the cost of the tuition. In his letter, Defendant enclosed information pertaining to University of Massachusetts housing. I paid the cost of tuition. Afterwards, I completed the housing application.

Case 1:05-cv-10893-RCL   Document 33   Filed 12/05/2005   Page 2 of 4

2 Ajuluchuku vs. SNESL AND FRANCIS KEN JOSIAH

3). On June 19, 2003, I relocated from Maryland to Massachusetts in pursuit of law school via Amtrak. Altogether, I had twenty pieces of luggage. I sent six of them to SNESL via third class US mail. The other fourteen pieces, I traveled with on the train bound for Boston. When I arrived at University of Massachusetts on June 20, 2003, I signed a housing contract with Jenifer Letendre, manager of the University of Massachusetts housing department. Afterwards, I took a cab to SNESL to pick up the six pieces of luggage.

4). On July 4, 2003, Defendant (Dean Robert Ward, Jr.) also reassured me of the seat at SNESL during the July 4, 2003 barbecue party he hosted for the students.

5). On or before September 1, 2003, Defendant reneged on their promise. I was denied acceptance at SNESL. Due to recurring memory loss caused by the negative stress that I suffered at the hands of Defendant, I have begun to remember the exact dates of discrimination. Afterwards, Defendant ordered University of Massachusetts to evict me from the dormitory. University of Massachusetts (Kathy or Cathy) left a message under my dorm room to see Defendant (Dean Robert Ward, Jr). Immediately, I met with Defendant (Dean Robert Ward, Jr.) in his office. His refusal to honor his promise was adamant. Defendant is aware of my disability. I went to his office and the barbecue party with my walking shaft. Afterwards, Defendant ordered University of Massachusetts to evict me. I was ordered to leave my dorm room because a University of Massachusetts student in her senior year was returning to complete the senior year in fall 2003. As a matter of fact, the student telephoned me to remind me to leave before she arrived.

6). Immediately, I applied for admission into the MBA/Graduate Certificate of Management at University of Massachusetts. I was accepted. I was moved to another dorm room. Though, I was a straight A student in all my classes, University of Massachusetts canceled my classes, meal plan, changed my locks at the dorm, and threatened me with the police if I did not leave the premises on October 31, 2003. Consequently, I became homeless. I have sued University of Massachusetts for discrimination based upon disability. It was dismissed because I did not state why relief should be granted. I will continue to look up to the courts for justice. I believe that in the end justice will prevail. I need my As to sit for the CPA examination.

7). Due to Defendant's conduct, I became homeless. Boston was very cold. I threw up at South Station and Logan International airport until my fiancé rescued me from the cold. I almost died in Boston. Afterwards, he flew me from Massachusetts to Washington for marriage.

8). The above-captioned case should not be dismissed because Defendant discriminated against me due to my disability and national origin. This court has jurisdiction. Federal courts preside over legal cases pertaining to disability (federal question), diversity, and government. Not to mention violations of civil rights Act. I am disabled due to the head injury that I suffered when I was six months old. I have battled vertigo, dizziness, loss of balance, and seizures all my life. I now live in another state. Therefore, this case will also qualify under

PLAINTIFF'S RESPONSE TO DEFENDANT'S ANSWER AND JURY CLAIM TO PLAINTIFF'S AMENDED COMPLAINT

AMANDA U. AJULUCHUKU

diversity. Since 2003, I have continued to suffer homelessness and economic hardship. I have lived in many states.

9). I have stated and re-stated why relief should be granted. Again, Your Honor, Defendant violated the American Disability Act of 1990 and Civil Rights Act of 1964.

### A). Violation of the American Disability Act of 1990 and Civil Rights Act of 1964

1). 446- 42:12182 Americans with Disabilities/440-42:2000 and 1983 Other Civil Rights.

#### (a). Discrimination Based Upon Disability

Cause of Action: 42 U.S.C. 12182 The Americans with Disabilities Act of 1990 states that: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages or accommodations of any place of public accommodation by any person who owns, leases or leases to, or operates a place of public accommodation.

#### (b) Discrimination Based Upon National Origin

Cause of Action: 42 U.S.C. 2000 a (a). The Civil Rights Act 1964 states that "all persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, as defined in this section, without discrimination or segregation on the ground of race, color, religion, or national origin.

#### (c). Discrimination Based Upon National Origin

1). 42 U.S.C 1983 of the Civil Rights Act 1964 states that "Every person who under color of any statute, ordinance, regulation, custom, or usage of any State or Territory causes to be subjected any citizen of the United States or other person within the jurisdiction thereof of the deprivation of any rights, privileges, or immunities secured by the Constitution and Laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

Civil rights Act 1964 (Sec 202) states that "All persons shall be entitled to be free, at any establishment or place, from discrimination or segregation of any kind on the ground of race, color, religion, or national origin, if such discrimination or segregation is or purports to be required by any law, statute, ordinance, regulation, rule, or order of a State or any agency or political subdivision thereof.

SEC. 203. No person shall (a) withhold, deny, or attempt to withhold or deny, or deprive or attempt to deprive, any person of any right or privilege secured by section 201 or 202, or (b) intimidate, threaten, or coerce, or attempt to intimidate, threaten, or coerce any person with the purpose of interfering with any right or privilege secured by section 201 or 202, or (c) punish or attempt to punish any person for exercising or attempting to exercise any right or privilege secured by section 201 or 202.

PLAINTIFF'S RESPONSE TO DEFENDANT'S ANSWER AND JURY CLAIM TO PLAINTIFF'S AMENDED COMPLAINT

AMANDA U. AJULUCHUKU

10).   Your Honor, I pray that you would not dismiss this case. I brought this action in less than two years in February 2003. Due to recurring memory loss, I have amended my complaint. The last discrimination act occurred around September 1, 2003, when I met with Defendant in his office. The statutes of limitations is three years. I might add that many of my cases have been dismissed because I did not state why relief should be granted. Thus and thus, I have continued to be subjected to discrimination based upon my disability. Defendant subjected me to negative stress. In turn, I suffered seizures. My seizures last for a few seconds. Seizures cause me to fall down and have memory loss (blackouts).

11).   I also pray that you would hear my voice again and grant me relief. A Proposed Order is already in place. Defendant has requested Jury. I would endeavor to attend because I would also like the jury to hear my pains and sufferings. I have continued to suffer economic hardship. I pray that the future will improve. Thank you, Your Honor.

/s/Amanda U. Ajuluchuku

Amanda U. Ajuluchuku (Pro Se)

Cc: Attorneys Michael Kerrigan and Curtis Diedrich via electronic mail on December 1, 2005

**PLAINTIFF'S RESPONSE TO DEFENDANT'S ANSWER AND JURY CLAIM TO PLAINTIFF'S AMENDED COMPLAINT**

AMANDA U. AJULUCHUKU