UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

AMANDA AJULUCHUKU,
    Plaintiff,

v.                                                  Civil Action No. 05-10893-RCL

FRANCES KEN JOSIAH
OF SOUTHERN NEW ENGLAND
SCHOOL OF LAW.
    Defendant

## FURTHER MEMORANDUM AND ORDER

LINDSAY, D.J.

For the reasons stated below, the court makes the following rulings. (1) To the extent that Plaintiff's Notice of Cause of Action (#29) and her Response to the Answer by Defendant Southern New England School of Law ("SNESL") (#33) seek to add additional claims based on race and national origin, her request is denied, for the reasons set forth herein as well as in this court's Memorandum and Order of October 3, 2005 (#18) and the Memorandum and Order of November 2, 2005 (#24) limiting Plaintiff's claims against SNESL to claims under the Americans with Disabilities Act ("ADA"). (2) Plaintiff's Motion for Default Judgment (#28) is denied as to both Defendant Josiah and Defendant SNESL. (3) Plaintiff's Motion to Reveal the whereabouts of Francis Ken Josiah from Southern New England School of Law (#32) is denied.

## BACKGROUND

On April 26, 2005 Plaintiff Amanda Ajuluchuku, currently an enjoined litigant, filed a *pro se* Complaint alleging sexual assault/rape, theft, and discrimination under the Americans with Disabilities Act, 42 U.S.C. §§ 12101-12213 (the "ADA") and Civil Rights Act of 1964, by Frances K. Josiah, a student at the Southern New England School of Law ("SNESL"), in North Dartmouth, MA, in July, 2003. Plaintiff sought two trillion dollars in damages. The original

Complaint did not name SNESL as a Defendant.

On June 13, 2005, this court issued a Memorandum and Order (#6) directing the Plaintiff to show cause why this action should not be dismissed, for the reasons stated therein. Plaintiff submitted a response, and on July 6, 2005 this court issued a Further Memorandum and Order (#10) finding Plaintiff's response insufficient, and dismissing the federal claims against both Defendants Josiah and SNESL. The court did, however, permit Plaintiff to pursue the claims against Defendant Josiah only, based on diversity jurisdiction pursuant to 28 U.S.C. § 1332. A summons issued with respect to Defendant Josiah, with an Order that costs of service were to be borne by the United States Marshal's Office.

Subsequently, Plaintiff filed a Motion for Default (#12) alleging that service was made on the Defendant Josiah, and that Josiah had filed no responsive pleading. Thereafter, on August 29, 2005, Plaintiff filed, *inter alia*, a Motion for Default Judgment (#16), a Motion to Extend Time to Serve Summons and Complaint (#17), and an Amended Complaint (#15).

After review of these submissions, a further Memorandum and Order issued on October 3, 2005 (#18), permitting Plaintiff to amend her Complaint to include an ADA claim against SNESL. However, Plaintiff was advised that no further amendments to Amended Complaint (#15) would be permitted, absent good cause shown. The Memorandum and Order also provided that the prior Orders of this court remained in effect (*i.e.,* that Plaintiff's federal claims against Defendant SNESL with respect to the alleged sexual assault by Defendant Josiah remain dismissed, and Plaintiff's federal claims against Defendant Josiah (including any discrimination claims based on gender, color, disability, or race) also remain dismissed). Additionally, Plaintiff's Motion for Default Judgment (#16) was denied, because Plaintiff had not provided

proof of proper service of process upon any Defendant. Summonses were re-issued to the Plaintiff, along with the necessary forms required by the U.S. Marshal, to effectuate service.

On October 20, 2005, Plaintiff filed a document certifying that she had provided the necessary forms to the U.S. Marshal's Office to effectuate service of process on the Defendants. Letter/Request (#20). Thereafter, on October 28, 2005, Plaintiff again filed a Motion for Default Judgment (#22) against both Defendants, alleging that more than twenty (20) days had elapsed since service had been made, and that the Defendants failed to file a responsive pleading.

After review of these submissions, a further Memorandum and Order (#24) issued on November 2, 2005, ruling that Plaintiff was not permitted to amend her Complaint to add any additional claims, apart from her claim that SNESL denied her admission to the law school based on her disability. The Memorandum and Order also denied Plaintiff's second Motion for a Default Judgment (#22), finding that service of process had not been effectuated properly.[1]

On November 18, 2005, a Process Receipt and Return from the United States Marshal's Office were filed in this case, indicating that service of process was not effectuated on Frances Ken Josiah (See docket entry #26, indicating Plaintiff's directions for service of Defendant Josiah at SNESL, rather than service at a residential or mailing address). The return indicated, however, that SNESL had been served. On November 30, 2005, SNESL filed an Answer to the Complaint (#30).

On November 28, 2005, Plaintiff again filed a third Motion for Default Judgment (#28) with respect to both Defendants.

---

[1]On November 15, 2005, the court received a letter (#25) from Ralph Clifford, Associate Dean of SNESL, advising that SNESL is not an authorized agent of Frances Ken Josiah, and would not accept service on his behalf.

On November 29, 2005, Plaintiff filed a document entitled "Notice of Cause of Action" (#29) and on December 5, 2005, Plaintiff filed a Response to SNESL's Answer (#33). In these two pleadings, it appears Plaintiff seeks to add additional claims based on race and national origin. She states that ". . . several defense attorneys have succeeded in convincing some judges that I did not state why relief should be granted. Afterwards, the judges dismissed my case. Thus and thus, I have continued to undergo discrimination. Therefore, I would like to state why relief should be granted. Thank you, Your Honor." Notice of Cause of Action (#29) at 1. Plaintiff then proceeded to recite boilerplate law with respect to discrimination based on disability, national origin, and race, but includes not factual statements to support her contentions.

On December 2, 2005, Plaintiff filed a Motion to Reveal the whereabouts of Francis Ken Josiah from Southern New England School of Law (#32), indicating that she does not know this Defendant's whereabouts, that it is possible he is still a student at SNESL, and that SNESL may have the information she needs. There is no certificate of service attached to this motion.

## ANALYSIS

I.     Plaintiff's Requests to Add Claims of Discrimination
       Based on Race and National Origin

In view of the October 3, 2005 Memorandum and Order (#18), and the Memorandum and Order of November 2, 2005 (#24) Plaintiff's request to add additional claims based for discrimination based on race or national origin, raised in her "Notice of Cause of Action" (#29) and her "Response to Answer" (#33) is denied. Again, the court reiterates that Plaintiff is <u>not</u> permitted to add additional claims to this litigation, other than those permitted pursuant to the Americans with Disabilities Act. Moreover, Plaintiff was previously admonished that, as an enjoined litigant, she may not include additional claims in this lawsuit, and that the time had come

for Plaintiff to be held to the matters encompassed within the Amended Complaint (#15). Further, the court finds nothing in the recent allegations asserted by the Plaintiff which would set forth a cognizable discrimination claim based on race or national origin.[2] In short, Plaintiff has had more than ample opportunity to fashion her claims, and she has failed to plead the proposed additional claims sufficiently. The court finds no reason to permit these additional claims to proceed.

Accordingly, to the extent that Plaintiff's Notice of Cause of Action (#29) and her Response to SNESL's Answer (#33) seek to add additional claims based on race and national origin, such request is denied. Plaintiff's claim against SNESL shall be limited to her claim under the ADA only.

    II.    Motion for Default Judgment (#28)

Although Plaintiff has filed a renewed Motion for Default Judgment (#28) alleging that she has made service upon the Defendants and that the time period for response has lapsed, she has <u>not</u> provided an executed proof of service by an authorized process server as to Defendant Josiah. Indeed, in her Motion to Reveal the whereabouts of Francis Ken Josiah from Southern New England School of Law (#32) she concedes she does not know this Defendant's whereabouts, and she acknowledges that SNESL has advised that it will not accept service on Josiah's behalf. Plaintiff was previously advised in the prior Memorandum and Order (#24), that service on SNESL is insufficient, absent evidence that SNESL is an authorized agent to accept service on Josiah's behalf.

---

[2]The court notes that Plaintiff's allegations of discrimination based on race, national origin, and disability appear to repeat a pleading pattern of many of the prior unrelated lawsuits filed in this district and later dismissed.

Moreover, with respect to SNESL, the docket reflects that a timely Answer has been filed in this action, and thus the Motion for Default Judgment is without basis as to SNESL.

Accordingly, for the reasons set forth above, Plaintiff's Motion for Default Judgment (#28) is denied as to both Defendants.

### III.  Motion to Reveal the whereabouts of Francis Ken Josiah from Southern New England School of Law (#32)

As noted above, Plaintiff states she does not know the whereabouts of Defendant Josiah, a fact necessary to serve process on him.  She seeks an order of this court compelling SNESL to provide information as to his whereabouts, alleging that Josiah may still be a student there, and/or that SNESL has other information which would lead to his whereabouts.

Plaintiff has failed to demonstrate that she cannot obtain the information she seeks through other public sources (for example, through an internet search, telephone directory records), or that she has sought the information from SNESL and has been refused.  Moreover, Plaintiff has failed to comply with this court's Local Rules with respect to motion practice in this court.  See Local Rule 7.1.  Finally, the court finds no basis to consider this motion on an *ex parte* basis, without providing SNESL an opportunity to respond to Plaintiff's request.

Accordingly, Plaintiff's Motion (#32) is denied without prejudice.

### CONCLUSION

Based on the foregoing, it is hereby ORDERED:

1. To the extent that Plaintiff's Notice of Cause of Action (#29) and her Response to the Answer by Defendant Southern New England School of Law ("SNESL") (#33) seek to add additional claims based on race and national origin, such request is denied, for the reasons set forth in this Memorandum and Order, as well as the court's Memorandum and Order of October 3, 2005 (#18) and the Memorandum and Order of November 2, 2005 (#24).  Plaintiff's claim against SNESL is limited to a claim under the Americans with

    Disabilities Act ("ADA").

2.     Plaintiff's Motion for Default Judgment (#28) is denied as to both Defendant Josiah and Defendant SNESL; and

3.     Plaintiff's Motion to Reveal the whereabouts of Francis Ken Josiah from Southern New England School of Law (#32) is denied without prejudice.

SO ORDERED.

|  |  |
|---|---|
| Dated: December 27, 2005 | /s/ Reginald C. Lindsay<br>REGINALD C. LINDSAY<br>UNITED STATES DISTRICT JUDGE |