UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMANDA AJULUCHUKU )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>FRANCES KEN JOSIAH )<br>OF SOUTHERN NEW ENGLAND )<br>SCHOOL OF LAW (SNESL), )<br>    Defendant. )<br>_____ ) | Civil Action No. 05-CV-10893-RCL |

**MEMORANDUM OF DEFENDANT SOUTHERN NEW ENGLAND
SCHOOL OF LAW IN SUPPORT OF ITS MOTION TO DISMISS
FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDY**

**Introduction**

The Plaintiff filed a *pro se* complaint against Francis Ken Josiah on April 26, 2005 alleging sexual assault/rape, theft, and discrimination under the Americans With Disabilities Act (ADA) and Civil Rights Act of 1964. This Court subsequently demanded that the Plaintiff show cause why her complaint should not be dismissed. Memorandum and Order, July 13, 2005. The Plaintiff, in her response, intimated for the first time that she sought to name the Southern New England School of Law (SNESL or the "school") as a defendant. [Plaintiff's] Answer to Judge's Order Classified Under Show Cause Motion to Grant Summons, June 21, 2005, p. 2. In this Court's Further Memorandum and Order, dated July 6, 2005, the Court dismissed the Plaintiff's inchoate federal claims against SNESL. Then, on August 29, 2005, the Plaintiff amended her complaint to name SNESL as a defendant on the basis that it allegedly denied admission to her because of her disability. This Court allowed this claim to persist in its Further

Memorandum and Order of October 3, 2005. It is the only surviving claim stated by the Plaintiff against the Defendant SNESL.

**Argument**

I. The Plaintiff's sole surviving claim against the Defendant, which claim alleges that SNESL discriminated against her on the basis of her disability, must be dismissed because the Plaintiff failed to file the claim first with the Equal Employment Opportunity Commission (EEOC), which she is required by statute to do.

The Plaintiff's claim against the Defendant SNESL alleging that the school violated the ADA when it denied admission to her (the "ADA claim") must be dismissed. This is so because the Plaintiff did not file the claim with the EEOC before filing in this Court, which she was required to do. See 42 U.S.C. § 12117(a); 42 U.S.C. § 2000e-5. The Americans With Disabilities Act, 42 U.S.C. § 12117, incorporates certain procedural provisions of Title VII of the Civil Rights Act of 1964 ("Title VII"), including those set out in 42 U.S.C. § 2000e-5. The relevant section of the ADA provides, in pertinent part:

> The powers, remedies, and procedures set forth in sections 2000e-4, 2000e-5, 2000e-6, 2000e-8, and 2000e-9 of [Title 42 of the United States Code] shall be the powers, remedies, and procedures this subchapter provides to . . . any person alleging discrimination on the basis of disability in violation of any provision of this chapter. . . .

42 U.S.C. § 12117(a); see Fletcher v. Tufts University, 367 F.Supp.2d 99, 106 (D.Mass. 2005) (noting incorporation into ADA of procedural provisions of Title VII). The procedural provisions of Title VII, in turn, require that a plaintiff file her charge(s) with the EEOC, or a state anti-discrimination agency, before doing so in court. Specifically, Title VII, 42 U.S.C. § 2000e-5, states that a plaintiff's charge "shall be filed" with the EEOC or a state anti-discrimination agency before the charge may be filed in court. See also Bonilla v. Muebles J.J. Alvarez, Inc., 194 F.3d 275, 278 (1st Cir. 1999) (discussing

requirement).  Additionally, claimants under Title VII have long been required to file a charge with the EEOC before commencing suit.  See, e.g., McDonnell Douglas Corp. v. Green, 411 U.S. 792, 798 (1973); Bonilla v. Muebles J.J. Alvarez, Inc., 194 F.3d 275, 278 (1st Cir. 1999); Seymore v. Shawver & Sons, Inc., 111 F.3d 794, 799 (10th Cir.), cert. denied, 522 U.S. 935 (1997).

The Plaintiff did not file a charge with the EEOC, and her complaint should therefore be dismissed.  The Plaintiff filed suit against SNESL on April 26, 2005 and nowhere averred that she had first filed with the EEOC.  See Complaint.  Plaintiff's Amended Complaint, the document this Court has deemed "the operative pleading in this action," likewise makes no mention of a prior EEOC filing.  By failing to file with the EEOC, the Plaintiff violated the plain-language requirement in the ADA that claimants must file with that agency, or a state anti-discrimination agency, before filing suit.  Her Complaint must therefore be dismissed on this ground.

## Conclusion

In light of the foregoing, the Defendant SNESL respectfully requests that this Court dismiss the plaintiff's Amended Complaint in its entirety as it relates to SNESL.

```
                                        Respectfully submitted,

                                        The Defendant,
                                        SOUTHERN NEW ENGLAND
                                        SCHOOL OF LAW (SNESL),
                                        By its Attorney,

                                        /s/ Curtis R. Diedrich
                                        Curtis R. Diedrich, BBO #555937
                                        Sloane and Walsh, LLP
                                        Three Center Plaza, 8th Floor
                                        Boston, MA  02108
Dated: January 12, 2006                 (617) 523-6010
```

3

## **CERTIFICATE OF SERVICE**

I, Curtis R. Diedrich, certify that on the date shown below, I made service of the foregoing MOTION TO DISMISS FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDY by causing a copy thereof to be mailed, postage prepaid, to the following counsel of record:

Amanda U. Ajuluchuku, Pro Se
P.O. Box 95343
Atlanta, GA  30347


                                        /s/ Curtis R. Diedrich
                                        CURTIS R. DIEDRICH

Dated: January 12, 2006